UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TREMAYNE J. REED,

                          Plaintiff,

         v.

STATE OF WASHINGTON, *et al.*,

                          Defendants.

Case No. C25-5687-KKE

ORDER DISMISSING ACTION

Plaintiff Tremayne J. Reed, representing himself, commenced this action on August 5, 2025. Dkt. No. 1. The Honorable Michelle L. Peterson, United States Magistrate Judge, granted Reed's application to proceed in forma pauperis, after which Reed filed a civil rights complaint under 42 U.S.C. § 1983. Dkt. Nos. 5, 6. Reed's complaint asserts objections to a restitution order entered against him, and names as defendants, the State of Washington, the Supreme Court of Washington (and individual justices), and the Washington State Department of Corrections. *See* Dkt. No. 6 at 3, 10–16. Judge Peterson subsequently ordered Reed to show cause as to why his complaint should not be dismissed for lack of subject matter jurisdiction, explaining that under the *Rooker-Feldman* doctrine, "federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts." Dkt. No. 7 at 3 (citing *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012)).

ORDER DISMISSING ACTION
PAGE - 1

Now before the Court are Judge Peterson's Report and Recommendation ("R&R") (Dkt. No. 9) and Reed's objections (Dkt. No. 12).  In her R&R, Judge Peterson recommended dismissing the action with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).  Dkt. No. 9.  Judge Peterson explained that Reed's complaint amounted to "[a] 'forbidden de facto appeal under *Rooker-Feldman*'" because it "'complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.'"  *Id.* at 3 (citing *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022)).

Though Reed filed objections to Judge Peterson's R&R, none are persuasive.  Reed first cites to *Arellano v. Blahnik*, 16-cv-2412-CAB (MSB), 2019 WL 2710527 (S. D. Cal. June 28, 2019), among other cases, for the proposition that § 1983 claims should be allowed to proceed where they are "not based on a theory that [the] conviction was invalid but on a theory that [the defendant] violated [the plaintiff's] right of access to the courts."  Dkt. No. 12 at 2.  Such arguments are unavailing where, as here, the record shows that Reed was in fact able to access the courts.  As Judge Peterson pointed out, when Reed initially sought relief from his legal financial obligations ("LFOs"), "[t]he trial court remitted all non-restitution LFOs[.]"  Dkt. No. 9 at 2. Furthermore, "[i]n February 2025, Plaintiff filed a personal restraint petition in the Washington Court of Appeals," which "[t]he Court of Appeals rejected[.]"  *Id.*

Reed's second argument—that *Rooker-Feldman* does not apply here because it only bars "overturning a conviction or sentence"—fails because it is predicated on an overly narrow reading of the doctrine.  *See* Dkt. No. 12 at 5.  Indeed, as Judge Peterson explained, under *Rooker-Feldman*, "a state-court *decision* is not reviewable by lower federal courts."  *Hooper*, 56 F.4th at 624 (citing *Skinner v. Switzer*, 562 U.S. 521, 532 (2011)).

ORDER DISMISSING ACTION
PAGE - 2

As such, the Court, having reviewed de novo Plaintiff's complaint, the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge, and the remaining record, hereby ORDERS:

(1)    The Report and Recommendation is approved and adopted.  Dkt. No. 9.

(2)    Plaintiff's complaint (Dkt. No. 6) and this action are DISMISSED with prejudice under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

(3)    The Clerk is directed to send copies of this Order to Plaintiff and to Judge Peterson.

Dated this 23rd day of January, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DISMISSING ACTION
PAGE - 3